# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEZANDER DELGADO,<br><br>    Plaintiff,<br><br>    vs.<br><br>GONZALEZ, et al.,<br><br>    Defendants. | 1:12cv00319 AWI DLB PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Document 14) |

    Plaintiff Alezander Delgado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed a First Amended Complaint on April 4, 2013. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On November 13, 2013, the Magistrate Judge issued Findings and Recommendations regarding dismissal of certain claims and Defendants.[1] The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed objections on January 2, 2014.

---

[1] Plaintiff has returned service documents for the cognizable claims and the documents have been forwarded to the United States Marshal for service.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis.

Plaintiff objects to the Court's findings only as to the Eighth Amendment excessive force claim alleged against Defendant Akin. The Magistrate Judge explained that given Plaintiff's behavior prior to the incident, as well as his admission that he attempted to move forward out of the cage when Defendant Akin opened the metal cage door, the allegations did not show an intent to cause harm. Rather, Plaintiff's allegations indicate that Defendant Akin was responding to a threatening situation. The Magistrate Judge concluded, that "[c]losing an open cage door as an inmate is attempting to step forward simply does not constitute the use of wanton and unnecessary force."

As he did in his First Amended Complaint, Plaintiff continues to point to Defendant Akin's failure to communicate with Plaintiff and assess his "body language, expressions, gestures. . ." Obj. 4. Rather than talk to Plaintiff first, Plaintiff contends that Defendant Akin simply used the metal door as a "battering ram to teach Plaintiff a lesson and cease the banging on the cage." Obj. 4. Such failures, however, do not constitute and Eight Amendment violation. What Plaintiff believes Defendant Akin *should have done* does not alter the situation that Defendant Akin was presented with. Given the facts alleged in Plaintiff's First Amended Complaint, the Court finds that the Magistrate Judge's analysis was correct.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations, filed November 13, 2013, are ADOPTED in full.

IT IS SO ORDERED.

Dated:   March 25, 2014                              _____
                                                      SENIOR DISTRICT JUDGE

     2.      This action SHALL proceed against Defendant Gonzalez for retaliation in violation of the First Amendment; and

     3.      All other claims and Defendants are DISMISSED.