# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEZANDER DELDAGO,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>GONZALEZ,<br><br>　　　　Defendant. | 1:12cv00319 AWI LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT'S MOTION TO DISMISS<br>(Document 29)<br><br>**THIRTY-DAY OBJECTION DEADLINE** |

　　　Plaintiff Alezander Delgado ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on March 2, 2012. He filed a First Amended Complaint on April 4, 2013. On November 13, 2013, the Court screened the First Amended Complaint and found that it stated a cognizable retaliation claim against Defendant Gonzalez.

　　　On April 24, 2014, Defendant filed a motion to dismiss the retaliation claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed his opposition on June 16, 2014, and Defendant filed her reply on June 23, 2014. The motion is deemed submitted pursuant to Local Rule 230(l).

1

A.     **ALLEGATIONS IN FIRST AMENDED COMPLAINT**[1]

Plaintiff is currently incarcerated at High Desert State Prison in Susanville, California. The events complained of occurred at the California Substance Abuse Treatment Facility in Corcoran, California.

Plaintiff alleges that he wrote Defendant Gonzalez up on November 12, 2009, for "unbecoming" conduct and constant bias towards Plaintiff's lifestyle.

On March 6, 2010, Plaintiff contends Defendant Gonzalez had him written up for allegedly delaying her pill line. Pursuant to Plaintiff's exhibit, he received a Rules Violation Report ("RVR") for threatening staff. ECF No. 13, at 39. Plaintiff contends that there was no need to write him up and that he could have been given an order to move ahead. He was handcuffed and placed in the clinic holding cell. Plaintiff was detained throughout breakfast and completion of the a.m. pill line.

Sgt. Ibarra entered the clinic area, where he was met by Defendant Gonzalez. The two exchanged friendly conversation and "some detestable comments in regards to gays." ECF No. 13, at 3. Plaintiff was then returned to his assigned cell and received his medications with no further problems. At noon, Plaintiff received his medications from Defendant Gonzalez without a problem. At 5:00 p.m. and 8:00 p.m., he again went to the pill line and got his medications without a problem.

On March 7, 2010, throughout the day, Plaintiff received his medications from Defendant Gonzalez with no problem.

On March 8, 2010, Plaintiff was handcuffed and taken to the program holding cages, where he was held for several hours without knowing why. Officer Lyons eventually told him, "You know how the game is played." ECF No. 13, at 4. Officer Ibarra stopped by and smiled at

---

[1] The Court will only set forth the allegations relating to First Amendment retaliation claim.

2

Plaintiff, telling him, "I'm going to show you what happens when you mess with our staff." ECF No. 13, at 4.

Soon after, Plaintiff was involved in an altercation with Officer Akin.  Plaintiff sustained injuries and was treated by medical staff.  Officer Diaz was ordered to take Plaintiff to the Central Treatment Center and have him placed on suicide watch.  As Officer Diaz was lifting Plaintiff, he heard him say, "Hey Gonzalez, look what you did to Delgado."  Defendant Gonzalez cheered and said, "Get his sick ass."  ECF No. 13, at 6.

Plaintiff was then re-housed in Ad-Seg.

On March 17, 2010, the Ad-Seg committee reviewed the lock-up order and Chief Deputy Warden Diaz ordered that Plaintiff be released and returned to Facility D.  Plaintiff was held in Ad-Seg while a new lock-up order was issued by Defendant Gonzalez, who claimed that her life would be in serious danger if Plaintiff returned to Facility D.

On April 8, 2010, Plaintiff attended the disciplinary hearing on the RVR.  He was found guilty of threatening staff and assessed a forfeiture of sixty-days of credit.  ECF No. 43, at 41-42.

Plaintiff alleges that Defendant Gonzalez persuaded Sgt. Ibarra to arrest him and place him in Ad-Seg.  He requests monetary damages.

**B.    LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman,

680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**C.      DISCUSSION**

    1.      First Amendment Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Defendant argues that Plaintiff has not pled a sufficient nexus between his November 2009 grievance against her and the allegedly false March 6, 2010, RVR. Defendant is correct that Plaintiff must demonstrate that she took adverse action against him *because of* his engagement in protected activity. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009); Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir.2005).

Defendant contends that Plaintiff "only mentioned" that he previously filed a grievance against her. Mot., 3. Defendant also points to the Court's language in the first screening order that Plaintiff "appears to allege" that Defendant retaliated against him for his November 12, 2009, complaint by making false allegations that led to his placement in Ad-Seg. Mot., 4.

The Court disagrees.  At the screening stage, Plaintiff has pled sufficient allegations which, if accepted as true, state a plausible retaliation claim.  While Plaintiff may not have specifically stated that Defendant initiated the RVR because of Plaintiff's grievance against her, his allegations are sufficient to connect the events.  Indeed, Plaintiff specifically states, "LVN-Gonzalez persuaded Sgt. Ibarra to arrest Plaintiff and placed [sic] in Ad-Seg." ECF No. 13, at 8. In addition, his allegations set forth the context in which Defendant acted- Defendant was allegedly biased against Plaintiff because of his lifestyle.

Taken as a whole, Plaintiff's allegations are sufficient to state a claim at the pleading stage.  See Brodheim, 584 F.3d at 1271 (on summary judgment, Plaintiff need "only put forth evidence of retaliatory motive that, taken in the light most favorable to him, presents a genuine issue of material fact as to" Defendant's motivation.")  (internal citations omitted); Watison, 668 F.3d at 1114 (direct evidence of improper motive is only rarely available); McCollum v. CDCR, 647 F.3d 870, 882 (9th Cir. 2011) (plaintiff may show retaliation by either direct evidence or circumstantial evidence).

   2.   Heck Bar

Finally, Defendant argues that even if Plaintiff can state a claim, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). Defendant contends that a favorable finding that she falsified a RVR would necessarily invalidate the RVR *and* his sixty-day credit forfeiture.

A prisoner plaintiff cannot proceed on a claim where success would necessarily imply the invalidity of the length of a prisoner's sentence, until the prisoner obtains a favorable termination of a state or federal habeas challenge to his sentence.  Heck, 512 U.S. at 487.  The United States Supreme Court has applied this "favorable termination" requirement to the context of prison disciplinary hearing where good-time credits are affected.  Edwards, 520 U.S. at 648.

Here, as evidenced by the hearing on Plaintiff's RVR, attached as an exhibit to his First Amended Complaint, Plaintiff suffered a loss of sixty days of credit for the RVR. Therefore, a favorable finding, i.e., that Defendant wrote a false RVR in retaliation, would necessarily imply that the loss of sixty days of credit was invalid. Under Heck, therefore, Plaintiff's claim is barred.

In his opposition, Plaintiff argues that he tried to appeal the guilty finding, but was unsuccessful. While he may have tried to appeal the finding both administratively and with a writ of habeas corpus, the fact remains that he has not received a favorable termination of the punishment.

Plaintiff also argues that the disciplinary appeal needs to be "put aside" to allow the First Amendment retaliation claim to proceed, but the Court cannot ignore applicable federal law.

Accordingly, Plaintiff's claim is barred by the favorable termination rule and must be dismissed.

D.      **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that Defendant's motion to dismiss be GRANTED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

///
///
///
///

shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated: **October 15, 2014**              /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE