# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEZANDER DELGADO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GONZALEZ, et al.,<br><br>　　　　Defendants. | 1:12cv00319 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br><br>(Document 40) |

　　　Plaintiff Alezander Delgado ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed a First Amended Complaint on April 4, 2013.

　　　On October 15, 2014, the Court issued Findings and Recommendations that Defendant's motion to dismiss be granted.

　　　On November 24, 2014, Plaintiff filed objections. However, based on the way the Court dockets pro se filings, the objections were not docketed until November 26, 2014.

　　　Also on November 26, 2014, prior to the time the Court was aware of the objections, the Court adopted the Findings and Recommendations and dismissed this action as barred under Heck v. Humphrey, 512 U.S. 477 (1994).

1

On December 12, 2014, the Court received a filing which it construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  The Court finds the matter suitable for decision without an opposition pursuant to Local Rule 230(l).

## **DISCUSSION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 78-230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

In his motion, Plaintiff states that he finished his objections on November 13, 2014.  He believes that High Desert State Prison officials tampered with his legal mail, presumably resulting in the late objections.

The Court need not grant relief, however, because even considering Plaintiff's objections, the Order Adopting the Findings and Recommendations is proper.  Defendant moved to dismiss

on two grounds- that the First Amended Complaint failed to state a retaliation claim under Rule 12(b)(6), and because it was barred by the favorable termination rule.  The Court rejected Defendant's arguments under 12(b)(6), but found that the action was barred under Heck.

Plaintiff's objections do not address the Heck issue.  Rather, they describe alleged harassment by Defendant on numerous occasions.  Therefore, even if the objections had been timely received and considered, Plaintiff's action would have been dismissed under Heck.

For these reasons, the Court DENIES Plaintiff's motion for relief from judgment.

IT IS SO ORDERED.

Dated:   January 8, 2015                                         _____
                                                                 SENIOR DISTRICT JUDGE