# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEZANDER DELGADO,<br><br>Plaintiff,<br><br>v.<br><br>L. GONZALEZ, Licensed Vocational Nurse,<br><br>Defendant. | Case No. 1:12-cv-00319-AWI-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT**<br><br>**(Doc. 57)**<br><br>**TWENTY-ONE (21) DAY OBJECTION DEADLINE** |

## INTRODUCTION

Plaintiff, Alezander Delgado, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on March 2, 2012. Initial proceedings resulted in dismissal of this action as barred by the favorable termination rule. (Doc. 36, citing *Heck v. Humphrey*, 512 U.S. 477 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).) Plaintiff appealed and the Ninth Circuit remanded the action finding that it was unknown whether Plaintiff's "rules violation and loss of sixty days of good-time credit would *necessarily* affect the length of time he must serve." (Doc. 49, 9th Order, (citing *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016) (en banc), *cert denied*, (U.S. Jan. 9, 2017)(No. 16-6556) (emphasis in the original)); Doc. 50, Mandate.) The action was reopened and discovery commenced. (Doc. 55.)

/ / /

1

On June 15, 2017, the sole defendant in this action, L. Gonzales Licensed Vocational Nurse ("LVN"), filed a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure.[1] (Doc. 57.) In the motion, Defendant renewed her claim that Plaintiff's failure to overturn the guilty finding of his disciplinary hearing is fatal to his retaliation claim in this action under § 1983. (*Id.*) Plaintiff filed his opposition.[2] (Doc. 60.) Defendant filed a reply. (Doc. 62.) The motion is deemed submitted. L.R. 230(*l*). For the reasons discussed below, the Court finds that Defendant's motion for summary judgment should be GRANTED.

## SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.,* 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987). The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

Defendant does not bear the burden of proof at trial and, in moving for summary judgment, she need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If Defendant meets her initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty*

---

[1] The Federal Rules of Civil Procedure will be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

[2] Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies with Defendants' moving papers as well as separate order from this Court. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998). (Docs. 29, 30.)

2

*Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Each party's position must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## **FINDINGS**

### **A. Plaintiff's Claim Against LVN Gonzalez**

This action proceeds solely on Plaintiff's claim in the First Amended Complaint (Doc. 13, "FAC") against Defendant Gonzalez for retaliation in violation of the First Amendment. (*See* Docs. 14, 15, 27.) Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. However, the events in this action allegedly occurred

3

at High Desert State Prison ("HDSP") in Susanville, California.

Plaintiff alleges that he wrote up Defendant Gonzalez on November 12, 2009, for "unbecoming" conduct and constant bias towards Plaintiff's lifestyle. In retaliation, Plaintiff alleges that Defendant Gonzales had Plaintiff written up on March 6, 2010, for allegedly delaying her pill line. Plaintiff's exhibit shows that he received a Rules Violation Report ("RVR") for threatening staff. (Doc. 13, at 39.) Plaintiff alleges that there was no need to write him up as Plaintiff could have been given an order to move ahead. Plaintiff was handcuffed and placed in the clinic holding cell where he was detained through breakfast and completion of the a.m. pill line. Sgt. Ibarra allegedly entered the clinic area where he was met by Defendant Gonzalez. The two allegedly exchanged friendly conversation and "some detestable comments in regards to gays." (Doc. 13, at 3.) Plaintiff was then returned to his assigned cell and received his medications at noon, at 5:00 p.m, and at 8:00 p.m., and on the following day without problem.

On March 8, 2010, Plaintiff was handcuffed and taken to the program holding cages, where he was held for several hours for reasons unknown to him at the time. Officer Lyons eventually told Plaintiff, "You know how the game is played." (Doc., 13, at 4.) Officer Ibarra stopped by and smiled at Plaintiff, telling him, "I'm going to show you what happens when you mess with our staff." (*Id.*, at 4.) Soon after, Plaintiff was involved in an altercation with Officer Akin. Plaintiff sustained injuries and was treated by medical staff. Officer Diaz was ordered to take Plaintiff to the Central Treatment Center and have him placed on suicide watch. As Officer Diaz was lifting Plaintiff, he heard him say, "Hey Gonzalez, look what you did to Delgado." Defendant Gonzalez cheered and said, "Get his sick ass." (Doc. 13, at 6.) Plaintiff was then housed in Ad-Seg.

On March 17, 2010, the Ad-Seg committee reviewed the lock-up order and ordered that Plaintiff be released and returned to Facility D. Plaintiff was held in Ad-Seg while a new lock-up order was issued by Defendant Gonzalez, who claimed that her life would be in serious danger if Plaintiff returned to Facility D. On April 8, 2010, Plaintiff attended the disciplinary hearing on the RVR where he was found guilty of threatening staff and assessed a forfeiture of sixty-days of credit. (Doc. 13, at 41-42.)

### B. **<u>The Favorable Termination Rule</u>**

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could impact his release date, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 643-647 (1997).

As noted in the Ninth Circuit remand order, "the *Heck* bar as explained in *Edwards* 'applies only to administrative determinations that "necessarily" have an effect on "the duration of time to be served."'" (Doc. 49, at 2, quoting *Nettles v. Grounds*, 830 F.3d 922, 929 n.4 (9th Cir. 2016) (en banc), *cert. denied*, (U.S. Jan. 9, 2017) (No. 16-6556) *Id.* at 929 n.4 (discussing *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam)). *Nettles* held that "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Id.* at 929. The Ninth Circuit noted that "[i]t is possible for lost credits to be restored," and "[t]o the extent [Plaintiff's] rules violation would be used in a parole determination, the violation would only be one factor of many in a Board of Parole Hearings determination." (Doc. 49, at 2 (citing Cal. Code Regs., tit. 15, § 3327-28, *Nettles*, 830 F.3d at 934-35.)

///

//

## C. Defendant's Motion[3]

Defendant argues that the favorable termination rule bars Plaintiff from proceeding on his claim in this action. Defendant's evidence establishes that she authored RVR D-10-03-022 on March 8, 2010, charging Plaintiff with making threats toward her on March 6, 2010. (Defendant's Statement of Undisputed Facts ("DUF") 2.) At the April 8, 2010 disciplinary hearing for RVR D-10-03-022, Plaintiff was found guilty of threatening staff based on Defendant's report. (DUF 3.) As a result of the guilty finding, Plaintiff was assessed sixty days' loss of credits. (DUF 4.) This loss of credits postponed Plaintiff's minimum eligible parole date by sixty days. (DUF 5.) The credit loss from Plaintiff's April 8, 2010 disciplinary hearing was never restored or overturned. (DUF 6.)

Defendant contends that Plaintiff's claim is in direct conflict with RVR D-10-03-022 which was issued to him for threatening staff. (Doc. 57, 4:23-24.) Defendant's evidence establishes that Plaintiff was found guilty under RVR D-10-03-022 which has not been reversed. (Declaration of B. Stowell, ¶ 5.) Plaintiff's sentence was necessarily lengthened as a result of this guilty finding as the loss of credits pushed back his minimum eligible parole date by sixty days. (*Id.*) Those credits were never restored. (*Id.*) Defendants correctly argue that Plaintiff's success on his retaliation claim against Defendant would necessarily imply the invalidity of RVR D-10-03-022 and the sixty-days forfeiture of credit. (Doc. 57 at 3:14-5:3 (citing *Edwards*, 520 U.S. at 645-46.) As a result, Defendant argues Plaintiff's claim is barred by *Heck* and *Edwards*, and should be dismissed. (*Id.*) Defendant is correct.

The Court finds that Defendant has met her burden of demonstrating the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of his contention that a dispute exists. Fed. R. Civ. P. 56(e); *Matsushita*, 475

---

[3] Disputes of fact shown by Plaintiff's evidence are delineated in the discussion of his opposition.

U.S. at 586 n.11; *First Nat'l Bank,* 391 U.S. at 289; *Strong v. France*, 474 F.2d 747, 749 (9th Cir. 1973).

### D. Plaintiff's Opposition

Plaintiff's opposition is comprised of two pages of legal cites and argument with twenty-nine pages of exhibits. (*See* Doc. 60.) The entirety of Plaintiff's argument is:

> There are numerous fact and issues in dispute that the defense are undermining, and to grant summery [sic] judgment would be unjust and railroading pro se litigant.
> Plaintiff now opposes and refutes all claims from defendants for summery [sic] judgment as there are issues and facts that can not [sic] be addressed thru [sic] fact and claims in dispute that can only be resolved thru a jury trial.
> Plaintiff will also show that there are facts and evidence where efforts to properly exhaust administrative remedies, and such facts will create a genuine issue of material fact, and the fact that Plaintiff was locked-up illegally. There's no affidavits swearing they didn't do it, for this reason, Plaintiff also asks for summery [sic] judgment as Plaintiff has submitted initial complaint of chain of events.

(Doc. 60, at 2.) Despite having been informed of the requirements for opposing a motion for summary judgment, Plaintiff's opposition is not submitted under penalty of perjury. Even if it were, Plaintiff submitted neither argument, nor evidence to show that RVR D-10-03-022 was terminated in his favor, or that the resultant sixty-day forfeiture of credit has been restored. (*See* Doc. 60.)

However, the FAC is verified and "may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n. 1 (9th Cir. 1987) (per curiam)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc); *Schroeder v. MacDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *Lew*, 754 F.2d at 1423. Yet, the FAC neither shows any favorable termination of RVR D-10-03-022, nor contains any indication that the concomitant sixty-day forfeiture of credits has been restored. (*See* Doc. 13.) Plaintiff's general statements that he is being railroaded, that his case can only be addressed via jury trial and not through "facts and

claims," and that he has made efforts to properly exhaust administrative remedies are insufficient to oppose Defendant's motion. The crux of Defendant's motion pertains to the forfeiture of credits imposed under RVR D-10-03-022. As a matter of law, Plaintiff cannot proceed in this action under § 1983 without a favorable termination of RVR D-10-03-022, or restoration of the credits forfeited.

In sum, Plaintiff fails to show that RVR D-10-03-022 was favorably terminated, or restoration of the credits forfeited thereunder. Given this, Defendant is entitled to summary judgment as Plaintiff fails to demonstrate "the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323).

**RECOMMENDATION**

For the reasons set forth above, this Court finds that Defendant L. Gonzalez LVN has met her burden and her motion for summary judgment should be granted.

Accordingly, the Court **RECOMMENDS** that:

(1) Defendant L. Gonzalez LVN is entitled to judgment as a matter of law and the Motion for Summary Judgment, filed on June 15, 2017 (Doc. 57), should be **GRANTED**; and

(2) The Clerk of the Court be directed to enter judgment against Plaintiff and in favor of Defendant L. Gonzalez LVN, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

/ / /

/ / /

/ / /

/ /

/ /

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 15, 2018**     /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE